MOSCA et al., Appellants,

v.

CIRCLEVILLE PUMPKIN SHOW, INC. et al., Appellees.

[Cite as *Mosca v. Circleville Pumpkin Show, Inc.* (1999), 136 Ohio App.3d 404.]

Court of Appeals of Ohio,
Fourth District, Pickaway County.

No. 99 CA 10.

Decided Dec. 22, 1999.

*Swope & Swope* and *Richard F. Swope,* for appellants.

*Berlon & Timmel* and *Daniel G. Taylor; Arter & Hadden, L.L.P.,* and *Kristen L. Mayer,* for appellees.

PETER B. ABELE, Judge.

This is an appeal from a Pickaway County Common Pleas Court summary judgment. Sally Jo and Antonio Mosca, plaintiffs below and appellants herein, assign the following error for our review:

"The trial court erred and abused its discretion when it sustained defendant–appellee city of circleville's motion to dismiss pursuant to Civil Rule 12(B)(6), the city having engaged in a proprietary function which requires the use of ordinary care to keep the area of the pumpkin show free from defects or hazards."

On October 16, 1997, Sally Jo Mosca, while attending the Circleville Pumpkin Show, fell to the ground apparently because of an uneven sidewalk. The pumpkin show, a local festival, conducts activities on the city streets and sidewalks. On August 19, 1998, appellants filed a complaint requesting damages for the physical injuries, pain and emotional distress, medical expenses, and loss of consortium.

On September 16, 1998, appellee city of Circleville filed a Civ.R. 12(B)(6) motion to dismiss asserting that appellants' complaint failed to state a cause of action. The city argued that the statutory immunity provisions shielded it from liability.

On February 5, 1999, the trial court granted appellees' motion to dismiss. The trial court noted that the Ohio General Assembly, in Am.Sub.H.B. No. 350, had recently amended various statutory provisions, including R.C. 2744.01, 2744.02, and 723.01. After a thorough review of the statutory language as amended, the trial court concluded that the statutes no longer contain any requirement that a political subdivision "keep its public sidewalks open, in repair, and free from nuisance."

After the trial court issued its judgment and during the pendency of the instant appeal, the Ohio Supreme Court, in *State ex rel. Ohio Academy of Trial Lawyers v. Sheward* (1999), 86 Ohio St.3d 451, 715 N.E.2d 1062, held that Am.Sub.H.B. No. 350, which "amends, enacts, or repeals over one hundred sections of the Ohio Revised Code 'relative to changes in the laws pertaining to tort and other civil actions,' " including "immunity and liability of political subdivisions (R.C. 723.01, 2744.01 through 2744.06)" is "unconstitutional in toto."

Obviously, the trial court did not have the benefit of the Ohio Supreme Court's decision at the time it granted appellees' motion to dismiss. Nevertheless, in light of *Sheward* we hereby reverse the trial court's judgment and remand this matter for further proceedings.

*Judgment reversed*
*and cause remanded*
*for further proceedings.*

KLINE, P.J., concurs.

EVANS, J., concurs in judgment.